CALOGERO, Chief Judge,
would grant the application for reconsideration.
Although my preference was to grant, docket, and decide this important procedural issue regarding the emergency suspension of a license to operate under the Video Draw Poker Devices Control Law, I ultimately agreed with my colleague in dissent, Justice Hall, and voted to send this case to the court of appeal for a full and considered opinion. I would now grant the reconsideration and decide the case here because this Court should determine whether the Legislature may constitutionally control the gaming industry in the manner provided in the statute. May the Legislature legalize gaming, induce licensees to invest their time and money in an endeav- or (which is financially at least as advantageous to the state as to the licensee), yet provide that a state agency can suspend a license on a unilateral determination that the licensee is no longer suitable because of his associations? If so, may this determination be made without the least effort at fairness, i.e., with no regard for the property interest of the licensee and without the constitutional due process to which each of our citizens is entitled?
Plaintiffs in this case have now been put out of business with no chance to have anyone or any agency or court even hear their side in defense before suspension of their license to operate takes place. Regarding the similar privilege of a licensed liquor dealer, this Court concluded that a licensee was deprived of due process when her beer and liquor permits and occupational license were suspended without prior notice and hearing. Paillot v. Wooton, 559 So.2d 758, 763 (La.1990). Quoting Goss v. Lopez, 419 U.S. 565, 580, 95 S.Ct. 729, 739, 42 L.Ed.2d 725 (1975), that Court noted:
[fjairness can rarely be determined by secret, one-sided determination of facts decisive of rights ... Secrecy is not congenial to truth-seeking and self-righteousness gives too slender an assurance of rightness. No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of *649 the case against him and opportunity to meet it.
559 So.2d at 762.
Hopefully, the Court will have the opportunity (although it will be of little solace to these applicants) to decide these important matters in another case.
Due process dictates that we should grant the reconsideration at this juncture. Sound court policy requires that we decide these important issues at the first opportunity.